Joseph H. Paist's Petition.    Fred C. Simon's Appeal.

*Evidence—Practice, C. P.—Certifying question of evidence to court—Councilmen's investigation.*

The Supreme Court will reverse an order compelling a witness to answer a question propounded to him before a council's committee of investigation, where it appears that the order was made one hour after notice of filing the petition for the order was served upon the witness, and no opportunity was given to his counsel to prepare an answer, or acquaint himself with the case.

It seems that under the acts of May 17, 1883, P. L. 33, and June 1, 1885, P. L. 53, councils of a city of the first class have authority to appoint a committee to investigate charges of corruption against members of councils, with power to send for persons, papers, books and documents to be produced and examined before the committee.

Argued March 2, 1895. Appeal, No. 375, Jan. T., 1895, by Fred C. Simon, from order of C. P. No. 3, Phila. Co., Dec. T.

1894, No. 909, compelling a witness to testify before a council's committee.  Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Petition for order to compel witness to testify before a committee of councils of a city of the first class.

From the record it appeared that the select and common councils of the city of Philadelphia, by resolution passed January 23, 1895, appointed a joint special committee to investigate accusations to the effect that a large amount of stock of the Mutual Automatic Telephone Company was used in securing the passage, by councils, of an ordinance approved July 2, 1894, granting certain privileges to the said company.  In the course of the investigation it was testified before the joint special committee that, among the assets of Hugh T. Pigott, deceased, there were found six shares of the stock of the Mutual Automatic Telephone Company, and that at the time of the passage of the ordinance of July 2, 1894, the said Hugh T. Pigott was a member of common council of the city of Philadelphia from the Twenty-fifth ward.  The administrator of said estate testified that the said six shares of stock were sold to Frederick C. Simon, also a member of councils from the Twenty-fifth ward.  At the meeting of the committee, in February —, 1895, F. C. Simon was examined as a witness.  He testified that he was a member of councils and that he purchased the six shares of stock in the possession of the estate of Hugh T. Pigott, deceased.  Upon being asked for whom he purchased the stock he refused to state the name of the party upon the ground that he acted in a professional capacity; that he was a member of the bar, and that his whole connection with the transaction was professional, and that his client declined to permit him to disclose his name.  Upon the refusal of Simon to answer the question, Joseph H. Paist, clerk of the select council, and George W. Kochersperger, clerk of common council, presented a report to the court of common pleas No. 3, in pursuance of article 15 of the act of June 1, 1885.  The report was presented in open court on February 13, 1895, at 10 o'clock A. M.  The court fixed the hearing for 1 o'clock P. M. that day, and notice of said hearing, together with a copy of the report, was served on Frederick C. Simon.

Counsel for Simon appeared before the court at 12 o'clock, and asked that the case be continued until the next day so that he might have time to prepare an answer.  This request was refused and an order made requiring the witness to answer the question.

*Error assigned* was above order.

*John G. Johnson*, for appellant.—No suitor can be in default in such way as to deprive him of the opportunity to make defence, unless it be either by virtue of a failure to comply with the rules of court, or to plead, if there be no rules, within a reasonable time.  It could hardly be held that a reasonable time was allowed in the present case.

*James Alcorn*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellee, cited: Act of June 1, 1885, P. L. 53; Eckstein's Petition, 148 Pa. 509; 2 Rice on Evidence, 644; Brown v. Payson, 6 N. H. 443; Martin v. Anderson, 21 Ga. 301; Parce v. Stetson, 2 W. N. C. 110; Schubkagel v. Dierstein, 131 Pa. 46.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 5, 1895:

It appears that in January last by joint resolution of councils a special committee of those bodies was raised "to investigate accusations against members of councils of the city of Philadelphia in reference to the passage of the ordinance approved July 2, 1894, granting privileges to the Mutual Automatic Telephone Company."  After reciting certain newspaper charges to the effect "that a large amount of the stock of said company was used in securing the passage of" said ordinance, etc., and that "it is due to the members of councils, as well as to the public, that there should be a full, searching and impartial investigation of these charges," the resolution provides for the appointment of "a joint, special committee of five (5) members from each chamber . . . to investigate the aforesaid accusations, with full power and authority to send for persons, papers, books and documents, in the hands and possession of whomsoever the same may be, and the production and examination thereof before the committee."  It also provides that "the committee

in the discharge of their duties shall exercise all the powers conferred by the " act of May 17, 1883, and June 1, 1885.

In these enactments the legislature appears to have recognized the necessity for full, thorough and complete investigation, in certain cases that might thereafter arise, and to that end ample provision was made for necessary process and its proper enforcement. The authority to create such committee and invest it with the powers conferred by said acts cannot be doubted. In a similar case, which came into this court on appeal from Common Pleas No. 1 of Philadelphia, we said the investigation, then in progress under the provisions of same acts, was lawful, and that the witness who had been regularly subpœnaed by the committee was bound to obey the process, etc. : Eckstein's Petition ; Yard's Appeal, 148 Pa. 509.

In the case before us, it is alleged by the appellees that on February 11th last, appellant appeared before the joint committee and testified to certain matters in relation to which he was interrogated, but refused to say for whom he acted in purchasing certain stock from the personal representative of Hugh Pigott deceased. Whereupon it was resolved by the committee that the refusal of the witness to testify as to that fact should be certified to the court for its action in the premises. That was accordingly done in the form of a petition by the clerks of select and common councils purporting to set forth said proceedings before the joint committee, and praying that an order be issued commanding appellant " to testify before said committee as to whom he represented in the purchase of the stock of Hugh Pigott deceased, and all other matters necessary and pertinent in reference to said stock and the purchase thereof, in accordance with the 15th article of the act of June 1, 1885."

Upon presentation of the petition, February 13, 1895, the court granted a rule on appellant to appear and answer why he should not answer the questions propounded by said committee," returnable at one o'clock P. M. same day. At twelve o'clock noon of same day notice of the rule was given to appellant, who was barely able, within the hour that intervened, to retain counsel in time to appear in court at one o'clock. The court was then fully informed of the facts by appellant's counsel, who, among other things, stated that the petition upon which the rule to show cause was issued had just been handed to him

that it would be impossible for him to be ready with an answer to this long petition at the hour named, and that he would therefore ask the court to give him until to-morrow to prepare an answer, etc.  In reply to the following questions put by the court: " What is the nature of the answer ? "  " Is it a denial? " appellant's counsel replied: " I cannot tell; "  " I do not know, as I have not had time to consider.  Until I read it over I cannot tell whether I will put in additional matters, or demur to it, or deny it.  I am not ready to file an answer at one o'clock in a matter handed to me at twelve o'clock."  Other appeals on behalf of defendant, for barely sufficient time and opportunity to examine the petition, and prepare an answer, etc., together with the negative replies of the court thereto, are shown by the stenographer's notes of what occurred at the time, but inasmuch as they disclose nothing that tends to justify the action of the court in the premises, further reference to them is unnecessary.  The entirely reasonable and, in the circumstances, legal demand of appellant and his counsel was denied, and thereupon the court handed down its opinion together with the order complained of.

The reason for referring to the court, for its consideration and determination, questions involving the rights and duties of witnesses and others as provided for in the 15th article of the act of June 1, 1885, doubtless was that they are strictly judicial questions of such importance, and sometimes fraught with such serious consequences that they could not be safely submitted to the determination of any investigating committee. While it is in every way desirable and necessary that such questions should be heard and decided as speedily as is consistent with the rights of the parties concerned, it was never intended that they should be so speeded as to deprive the respondent of both time and opportunity of answering the petition or otherwise presenting his defence, as was done in this case.  Appellant's rights in that regard were wholly ignored. It was manifestly impossible for him or his counsel to prepare an answer to the petition and present his defence, if any he had, within the one hour that intervened between service of the rule to show cause and the time fixed for hearing.  In Yard's appeal, supra, opportunity was given for filing an answer, and the case was heard and disposed of in a regular

and orderly way. The merits of the present case are not before us for the obvious reason that the proceeding was practically ex parte and therefore illegal.

The decree is reversed with costs to be paid by the appellees, and it is ordered that the record be remitted to the court below with instructions to proceed and determine the case according to law.

WILLIAMS, J., files dissenting opinion.

McCOLLUM, J., concurs.

DISSENTING OPINION BY MR. JUSTICE WILLIAMS.

This appeal should be quashed for two unanswerable reasons. First, no appeal is given by the statute under which the proceeding was conducted. If it be conceded that a common law certiorari might properly issue, yet it would bring up nothing but the record and the record proper discloses no irregularity. But second, if an appeal was given no final order has yet been made from which an appeal will lie. The order complained of is in these words: "It is therefore ordered that he answer the question unless there be other sufficient reasons for not answering." This was not a final order. It left an open door before the defendant. It afforded him opportunity to be further heard before an attachment could be awarded or a commitment directed. No appeal lies from such an interlocutory order. A simple statement of the situation shows our duty so plainly that no amount of argument could make it clearer. The appeal should be quashed and the defendant remitted to the forum he has so hastily fled, for his own final answer and a final order of the court.

MR. JUSTICE McCOLLUM: I concur in the foregoing dissent.